# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EUGENE SANCHEZ,<br><br>    Petitioner,<br><br>vs.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>    Respondent.[1] | Civil No.   16cv2975-AJB (BLM)<br><br>**ORDER:**<br><br>**(1) GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; and**<br><br>**(2) CONSTRUING PETITION AS ONE FILED PURSUANT TO 28 U.S.C. § 2254** |

On December 5, 2016, Joseph Eugene Sanchez ("Petitioner"), a state prisoner proceeding pro se, submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Petitioner has also filed a motion to proceed in forma pauperis. (ECF No. 2.)

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has no funds on account at the facility in which he is presently confined, and therefore cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being

---

[1] Petitioner, who is currently housed at Kern Valley State Prison, named as Respondent "Jamie, Warden." (Pet. at 1.) However, Christian Pfeiffer is the Warden of that institution. The Clerk of Court is directed to modify the docket to reflect that "Christian Pfeiffer" is the Respondent to this action.

required to post security.  The Clerk of the Court will file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## ORDER CONSTRUING PETITION
## AS ONE FILED PURSUANT TO 28 U.S.C. § 2254

Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, he is a state prisoner attacking a prison disciplinary hearing resulting in the loss of custody credits. (Pet. at 1.)  Therefore, Petitioner may not proceed under section 2241, but may only proceed with a habeas action in federal court under 28 U.S.C. § 2254. White v. Lambert, 370 F.3d 1002, 1006-09 (9th Cir. 2004) (holding that section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction."), overruled on other grounds by Hayward v. Marshall, 603 F.3d 546, 553 (9th Cir. 2010), abrogated on other grounds by Swarthout v. Cooke, 131 S.Ct. 859 (2011). Accordingly, the Court will **CONSTRUE** the Petition as one filed pursuant to 28 U.S.C. § 2254, and not one file pursuant to 28 U.S.C. § 2241.  *The Clerk of Court is directed to modify the docket accordingly.*

**IT IS SO ORDERED.**

DATED: December 9, 2016

_____
Hon. Anthony J. Battaglia
U.S. District Judge