UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EUGENE SANCHEZ,<br><br>         Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>         Respondent. | Case No.: 16cv2975-AJB (BLM)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>**[ECF No. 8]** |

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(d) and HC.2 of the United States District Court for the Southern District of California. On November 21, 2016, Petitioner Joseph Eugene Sanchez, a state prisoner proceeding *pro se* and *in forma pauperis*, commenced these habeas corpus proceedings pursuant to 28 U.S.C. § 2254 by constructively filing his Petition.[1] ECF No. 1 ("Pet."). On December 12, 2016, the Court issued a briefing schedule

---

[1] Under the "mailbox rule," a *pro se* prisoner's habeas petition is deemed constructively filed when he gives it to prison authorities for mailing. Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010); see also Houston v. Lack, 487 U.S. 266, 276 (1988). Generally, a court deems a habeas petition filed on the day it is signed because it assumes the petitioner turned the petition over to prison authorities for mailing that day. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (stating that a court typically deems a habeas petition filed the day it was signed); see Butler v. Long, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014) (per curiam) (stating that

requiring Respondent to file a motion to dismiss by February 9, 2017, and Petitioner to file an opposition by March 9, 2017. ECF No. 4 at 2. Respondent filed a motion to dismiss on February 8, 2017. ECF No. 8-1 ("MTD"). After being granted four extensions of time to file, Petitioner timely filed an opposition to Respondent's motion to dismiss on August 3, 2017.[2] ECF No. 26 ("Oppo."); see ECF Nos. 15, 20, 22, 25. Currently before the Court is Respondent's Motion to Dismiss the Petition for being untimely and Petitioner's opposition. MTD; Oppo. For the reasons set forth below, the Court **RECOMMENDS** that Respondent's motion to dismiss be **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 25, 2002, Petitioner was convicted of attempted murder with firearm and gang enhancements. Lodgment 2 at 2. On November 1, 2002, Petitioner was sentenced to thirty-nine years in prison. Id.

While in prison, on April 18, 2014, a Serious Rules Violation Report ("SRVR") was issued charging Petitioner with Manufacturing or Possession of a Deadly Weapon, a violation of Title 15, California Code of Regulations ("CCR") § 3006(a). Pet. at 24; Lodgment 1 at 1. On that date, Correctional Officers Z. Limas and J. Navarro conducted a cursory search of Petitioner's cell and discovered a security screw on the top of the upper bunk, two pieces of melted plastic formed into two weapons, one cylindrical metal rod partially sharpened to a point at one end, two pieces of flat metal rusted, an altered hair clipper blade sharpened to a point at one end, numerous razor blades cut into small pieces, and a flat metal square plate. Pet. at 24-26. On April 18, 2014, Petitioner was placed in an Administrative Segregation Unit cell because he presented an immediate threat to the safety of himself or others and endangered the prison's security by making and possessing the weapons discovered in his cell. Id. at 23.

---

a court assumes the petitioner turned the petition over to prison authorities for mailing the day the petition was signed). Here, Petitioner signed the Petition on November 8, 2016, but the Court cannot deem the Petition filed on that date because Petitioner signed a proof of service on November 21, 2016 – indicating that Petitioner did not turn the Petition over to prison authorities for mailing until that date. Pet. at 7, 9; see Bagsby v. Ducart, 2015 WL 736042, at *1 n.2 (C.D. Cal. Feb. 19, 2015) (finding the constructive filing date of a habeas petition to be the date the proof of service was signed and not the date the petition was signed).

[2] Petitioner signed a proof of service on August 3, 2017. Oppo. at 30.

1    On May 29, 2014, Petitioner appeared before Senior Hearing Officer ("SHO"), Lieutenant

2    F. Vasquez, to adjudicate the SRVR. Id. at 43-49. Petitioner pleaded not guilty to manufacturing

3    or possession of a deadly weapon, but indicated that he would plead guilty to possession of

4    dangerous contraband. Id. at 43, 45-46. Petitioner argued that Officer Limas falsely described

5    the items as weapons because the ends of the alleged weapons are flat and could not cause

6    harm by any reasonable means. Id. at 46. After reviewing Officer Limas' report on the SRVR,

7    a photocopy of the contraband found in Petitioner's cell, and Petitioner's partial admission of

8    guilt, SHO Lieutenant F. Vasquez found Petitioner guilty of manufacturing or possession of a

9    deadly weapon. Id. at 46-48. Petitioner was assessed 360 days forfeiture of credit and 10 days

10   loss of yard. Id. at 48. Petitioner's administrative prison appeals were denied and his disciplinary

11   violation was finalized on October 22, 2014. See id. at 53-61; see also Lodgment 1.

12       Petitioner sought habeas relief in the Imperial County Superior Court on January 15,

13   2015, the date Petitioner signed the proof of service, arguing that: (1) SHO Lieutenant F.

14   Vasquez violated Petitioner's Due Process right to call witnesses at the disciplinary hearing and

15   by failing to adequately document the rationale behind finding him guilty of the charged offense,

16   and (2) SHO Lieutenant F. Vasquez "refused to follow proper criteria for what defines a deadly

17   weapon in a disciplinary hearing for manufacturing/possession of a deadly weapon." Lodgment

18   2 at 3-4, 50. The state habeas petition was denied on February 5, 2015. Pet. at 63-65. On

19   March 5, 2015, Petitioner filed a motion for reconsideration in the Imperial County Superior

20   Court, arguing that his state habeas petition should be granted. See id. at 66. The Imperial

21   County Superior Court denied the motion. Id. at 66-67. Petitioner filed a state habeas petition

22   in the California Court of Appeal for the Fifth Appellate District on April 9, 2015. See id. at 68.

23   The Fifth Appellate District denied the petition without prejudice and advised Petitioner to re-

24   file the petition in the Fourth Appellate District. Id. at 68. Petitioner re-filed the state habeas

25   petition in the appropriate court, reasserting the same claims alleged in his first state habeas

26   petition, and, on June 25, 2016, the California Court of Appeal for the Fourth Appellate District

27   denied the petition. Id. at 69-71. Petitioner then filed a state habeas petition in the California

28

16cv2975-AJB (BLM)

Supreme Court.[3]  See id. at 72.  The California Supreme Court denied the petition on January 27, 2016 without a statement of reasoning or citation to authority.  Id.; Lodgment 3.

On November 21, 2016, Petitioner filed the instant petition asserting the following claims: (1) he was denied the right to call witnesses during his administrative disciplinary proceedings, and (2) SHO Lieutenant F. Vasquez applied the wrong criteria in finding the disciplinary allegations true.  Pet. at 4-5.

## SCOPE OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claim:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States

28 U.S.C. § 2254(a) (2006 & Supp. 2016).

## DISCUSSION

Respondent contends that the Petition should be dismissed as untimely because it was filed after the one-year statute of limitations expired.  MTD at 5.

### A.     The AEDPA Statute of Limitations

The AEDPA imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  28 U.S.C. § 2244(d) (2006 & Supp. 2016).  Section 2244(d)'s one-year limitations period applies to all habeas petitions filed by persons "in custody pursuant to the judgment of a State court."  Id. § 2244(d)(1).  The Ninth Circuit has held that this limitation period also applies to petitions challenging state prison administrative decisions. See Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (challenging state prison

---

[3] Neither Petitioner nor Respondent provided the Court with the petition filed in the California Supreme Court.  This Court assumes, without deciding, that the California Supreme Court petition raises the same claims as Petitioner's prior state habeas petitions because Respondent does not argue lack of exhaustion.

4

administrative disciplinary decision) (superseded by regulation as stated in West v. Valenzuela, 2013 WL 4039056, at *1 (C.D. Cal. 2013) (parole board decision)); Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (challenging state parole board's determination) (superseded by regulation as stated in Erbes v. Valenzuela, 2013 WL 3071254, at *3 (C.D. Cal. 2013) (parole board decision). The one-year limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1)(A)-(D).

In cases where the petitioner challenges a prison's disciplinary decision, the AEDPA's one-year limitation period begins to run when the "factual predicate" of the petitioner's claims "could have been discovered through the exercise of due diligence." Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012). Typically, the factual predicate is the denial of the petitioner's direct administrative appeal. See Shelby, 391 F.3d at 1065-66.

Petitioner's direct administrative appeal of the May 29, 2014 disciplinary hearing decision was denied at the final level of review on October 22, 2014. Pet. at 60-61; Lodgment 1. Therefore, the one-year statute of limitations period applicable to Petitioner's claims began to run on October 23, 2014 and expired on October 23, 2015. See Shelby, 391 F.3d at 1065-66. The instant action was not filed until November 21, 2016 – more than one year after the statute of limitations expired. Pet. at 9. Therefore, the Petition is untimely, unless Petitioner is entitled to sufficient tolling.

16cv2975-AJB (BLM)

**B.    Petitioner Is Not Entitled to Sufficient Statutory Tolling**

Respondent acknowledges that Petitioner is entitled to statutory tolling for the time he sought collateral review with respect to his claims, but argues that he is not entitled to enough tolling to make his Petition timely.  MTD at 3-5.  Petitioner does not argue that statutory tolling makes his Petition timely.  See Oppo.

The AEDPA tolls its one-year limitations period for the "time during which a properly filed application for State post-conviction or other collateral review . . . is pending."  28 U.S.C. § 2244(d)(2).  "[T]he statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999) (footnotes omitted).  Thus, the tolling applies to the intervals between the disposition of one state habeas petition and the filing of a new one in a higher court so long as the filing of the new petition is timely.  Carey v. Saffold, 536 U.S. 214, 222-26 (2002); see also Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (holding that a petitioner is entitled to statutory tolling "not only for the time that his petitions were actually under consideration, but also for the intervals between filings, while he worked his way up the ladder").

Petitioner filed his first state habeas petition in the Imperial County Superior Court on January 15, 2015 – 84 days after the statute of limitations began to run.  Lodgment 2.  The filing of this petition tolled the statute of limitations until the California Supreme Court rejected Petitioner's final collateral challenge on January 27, 2016.  Lodgment 3; see Nino, 183 F.3d at 1006.  Thus, Petitioner had 281 days from the California Supreme Court's denial to file a federal habeas petition.  As discussed previously, Petitioner filed the instant Petition on November 21, 2016 – 299 days after the California Supreme Court denied his final collateral challenge.  Accordingly, Petitioner is not entitled to sufficient statutory tolling to make the instant Petition timely because he filed the instant Petition 18 days after the statutorily tolled limitations period expired.

**C.    Petitioner Is Not Entitled to Equitable Tolling**

Respondent argues that Petitioner is not entitled to equitable tolling because he has not

16cv2975-AJB (BLM)

alleged any facts or legal grounds entitling him to equitable tolling. MTD at 5. Petitioner responds that he is entitled to equitable tolling because he was transferred to different prisons on four occasions, which resulted in lost property and delayed access to legal material and the law library, and because of his limited level of education. Oppo. at 4, 6. Petitioner argues he diligently pursued his rights by frequently requesting return of his lost property and access to the law library. Id. at 4-7. Petitioner attaches several inmate appeal forms supporting his contentions. Id. at 12-29.

The United States Supreme Court has held that the AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 560 U.S. 631, 645 (2010). While equitable tolling is "unavailable in most cases," Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999), it is appropriate where a habeas petitioner demonstrates two specific elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Holland, 560 U.S. at 649 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). The bar is set high to effectuate "AEDPA's 'statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims.'" Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (citing Carey, 536 U.S. at 226). Whether a petitioner is entitled to equitable tolling depends on a fact-specific inquiry. Holland, 560 U.S. at 650.

"The diligence required for equitable tolling purposes is 'reasonable diligence' . . . not 'maximum feasible diligence.'" Id. at 653 (citations omitted). The purpose of requiring the petitioner to show diligence "is to verify that it was the extraordinary circumstance, as opposed to some act of the petitioner's own doing, which caused the failure to timely file." Doe v. Busby, 661 F.3d 1001, 1012-13 (9th Cir. 2011) (citations omitted). To determine whether a petitioner has been diligent, courts consider "the petitioner's overall level of care and caution in light of his or her particular circumstances." Id. at 1013.

Petitioner argues that he diligently pursued his rights during the applicable period, *i.e.*, the period during which he contends extraordinary circumstances prevented timely filing. See Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015). Petitioner raises three conditions that he

7

argues constitute extraordinary circumstances that prevented him from timely filing his Petition: (1) limited law library access, (2) Petitioner's level of education, and (3) loss of property. Oppo. at 4-7.

### 1.    Limited Law Library Access

Petitioner asserts that prison library conditions interfered with the timely filing of his Petition. Oppo. at 5-7. While Petitioner filed several inmate appeals requesting access to the law library, only four of the inmate appeals were submitted after the California Supreme Court's January 27, 2016 denial and before Petitioner constructively filed the instant Petition on November 21, 2016. See Oppo. at 12-29. On March 22, 2016, Petitioner requested law library access "to file a Writ and do legal research." Id. at 22. Fifteen days later, on April 6, 2016, a member of the Prison staff indicated that Petitioner was put on the list for law library access. Id. Petitioner again requested access to the law library "to file a Writ and do research" on April 5, 2016. Id. at 23. Petitioner was notified eleven days later, on April 16, 2016, that he would be given access "on the next available session." Id. On November 9, 2016, Petitioner requested access to the law library "to make copys [sic] to send out a writ," and said that he had a deadline to meet. Id. at 24-25. On November 17, 2016, eight days later, Petitioner was informed that he would be scheduled for the next available session. Id. at 25. On November 15, 2016, Petitioner again requested access to the law library and explained that he was supposed to go to the law library on November 15, 2016, but was not called in. Id. at 26. Three days later, on November 18, 2016, Petitioner was notified that he would be scheduled for the next available session. Id.

In summation, the inmate appeals illustrate that Petitioner began preparing the instant Petition as early as March 22, 2016 – eight months before he constructively filed the Petition. See id. at 22. Based on the inmate appeals, it appears that Petitioner was not ready to file the Petition until November 9, 2016, six days after the statutorily tolled limitations period expired, when he requested access to the law library to make copies to send out the Petition and indicated he had a deadline to meet. See id. at 24-25. Petitioner does not contend he was denied access to the law library. See id.

16cv2975-AJB (BLM)

Upon review of the record, the Court finds that Petitioner fails to make any specific allegations or offer evidence about how long he was denied access to the law library, how that delay of access or complete denial impacted his ability to prepare or timely file a habeas petition, or what actions he took to exercise diligence during this time beyond requesting access to the law library four times over an eight month period. Petitioner raises nothing more than the ordinary limitations on library access for prisoners, which are not extraordinary circumstances. Ramirez v. Yates, 571 F.3d 993, 998 (9th Cir. 2009) (holding that "[o]rdinary prison limitations on [a petitioner's] access to the law library and copier" do not constitute extraordinary circumstances or make it impossible to file a federal petition on time) (quotations omitted); see, e.g., Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life").

### 2. Petitioner's Education Level

Petitioner asserts that he is entitled to equitable tolling because "doing legal research has been very difficult." Oppo. at 6. In support, Petitioner contends that before he was incarcerated he dropped out of school in the eighth grade and had never read a book. Id. However, Petitioner concedes that while incarcerated he earned his General Education Degree ("GED") and enrolled in college courses. Id. at 6. Petitioner is not entitled to equitable tolling on this basis because ignorance of the law and a low education level do not justify equitable tolling of the statute of limitations. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Cobas v. Burgess, 306 F.3d 441, 444 (6th Cir. 2002) ("an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations"); Green v. Small, 2011 WL 91045, at *2 (C.D. Cal. Jan. 2, 2011) (rejecting petitioner's claim of entitlement to equitable tolling of the AEDPA statute of limitations based on his lack of education, possible illiteracy, and pro se status); Stableford v. Martel, 2010 WL 5392763, at *3 (C.D. Cal. Sept. 14, 2010) (rejecting petitioner's argument that he was entitled to equitable tolling because he was illiterate, dyslexic, generally uneducated, and had only limited access to an inadequate prison law library on the

9

grounds that "[n]one of these circumstances is sufficiently extraordinary to warrant tolling").

### 3. Loss of Property

Petitioner also argues that he did not have access to his legal materials and documents following transfers to different prisons, that Kern Valley State Prison officers mistakenly threw away a large portion of his legal work, and that Kern Valley State Prison officers took his legal material away from him on two occasions. Oppo. at 5-6. Petitioner claims those losses precluded him from working on his Petition. Id.

In support, Petitioner attaches three relevant inmate appeals. First, on November 12, 2014, Petitioner filed an inmate appeal indicating that some of his property transferred from a prior prison, including legal materials, was missing. Id. at 12. On February 18, 2015, Petitioner withdrew the inmate appeal because his property was returned to his possession. Id. at 15. Notably, Petitioner received his property 11 months before the California Supreme Court denied his final state habeas petition. See id. at 15; see also Lodgment 3. Accordingly, the Court finds that Petitioner's loss of property resulting from his transfer to a different prison did not impact his ability to file his federal petition because he had ample time to prepare a federal petition after he received his property.

Second, on October 23, 2014, Petitioner requested legal copies and envelopes. Oppo. at 20. Petitioner did not attach the response to this inmate appeal. See id. However, Petitioner's request was made more than a year before the California Supreme Court denied his final state habeas petition. See id.; see also Lodgment 3. Thus, the Court finds that Petitioner's lack of access to legal copies and envelopes also did not impact his ability to file his federal petition.

Third, on August 24, 2015, Petitioner requested an interview at Kern Valley State Prison, explaining that he was missing "documents [he] need[ed] for a writ in the California Supreme Court." Oppo. at 29. While it is unclear what action was taken in response to Petitioner's request, Petitioner was able to file a petition in the California Supreme Court less than five months later. See Lodgment 3; see also Oppo. Petitioner's third request also does not concern his federal petition and the Court, therefore, finds that this alleged difficulty did not hamper his ability to timely file the instant Petition.

Petitioner provides no evidence, via inmate appeals or otherwise, that his legal work was thrown away on two occasions by Kern Valley State Prison officials.[4] <u>See</u> Oppo. The only other evidence of property loss or lack of access provided by Petitioner occurred well before Petitioner's final state petition was denied. <u>Id.</u> at 12-18, 29. Accordingly, the Court finds that Petitioner's losses or lack of legal property is insufficient to establish the extraordinary circumstances required for entitlement to equitable tolling. <u>See</u> <u>Smith v. Adams</u>, 2005 WL 1335236, at *7 (E.D. Cal. June 1, 2005) (finding petitioner not entitled to equitable tolling where petitioner alleged "prison officials lost or destroyed his property including his legal documents and work product" well in advance of the deadline to file a federal petition).

### 4. Conclusion

None of the conditions Petitioner contends prevented him from timely filing the instant Petition are extraordinary circumstances that hindered his ability to file a timely federal habeas petition and he is not entitled to equitable tolling. Accordingly, this Court **RECOMMENDS** that Respondent's Motion to Dismiss the Petition be **GRANTED** and that Petitioner's Petition for Writ of Habeas Corpus be **DISMISSED** with prejudice.

### <u>CONCLUSION AND RECOMMENDATION</u>

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the District Judge issue an order: (1) approving and adopting this Report and Recommendation, (2) finding that the Petition is not timely, and (3) directing that Judgment be entered **GRANTING** Respondent's Motion to Dismiss with prejudice.

**IT IS ORDERED** that no later than **<u>September 27, 2017</u>**, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

---

[4] Petitioner may be referencing his August 24, 2015 request for an interview wherein he alleges some of his documents went missing after his cell was searched. Oppo. at 29. As discussed above, this request sought copies of documents required for Petitioner to file a petition in the California Supreme Court, which he was apparently able to do. Accordingly the Court finds that this alleged difficulty did not impede his ability to file the instant Petition.

16cv2975-AJB (BLM)

1     **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court

2   and served on all parties no later than **<u>October 18, 2017</u>**.  The parties are advised that failure

3   to file objections within the specified time may waive the right to raise those objections on

4   appeal of the Court's order.  <u>See</u> <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998).

5        **IT IS SO ORDERED**.

6

7   Dated:  8/28/2017

8                                                          Hon. Barbara L. Major
                                                           United States Magistrate Judge
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

16cv2975-AJB (BLM)