UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EUGENE SANCHEZ,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　　　　　　　Respondent. | Case No.: 16-cv-2975-AJB (BLM)<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION; AND**<br><br>**(2) GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITH PREJUDICE**<br><br>(Doc. Nos. 8, 27) |

　　　　Presently before the Court is Respondent Christian Pfeiffer's motion to dismiss the petition for writ of habeas corpus. (Doc. No. 8.) The Court referred the matter to Magistrate Judge Barbara L. Major for a Report and Recommendation ("R&R"), which was issued on August 28, 2017. (Doc. No. 27.) The R&R recommends that the district judge issue an order (1) approving and adopting the R&R; (2) finding that the Petition is not timely; and (3) directing that Judgment be entered granting Respondent's motion to dismiss with prejudice. (*Id.* at 11.) The parties were instructed to file written objections to the R&R by

September 27, 2017, and a reply to the objections no later than October 18, 2017. (*Id*. at 11–12.)

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note to the 1983 amendment; *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Neither party has filed objections to Magistrate Judge Major's R&R. Having reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby: (1) **ADOPTS** Magistrate Judge Major's R&R; (2) finds the Petition untimely; and (3) **GRANTS** Respondent's motion to dismiss **WITH PREJUDICE**.

When a district court enters a final order adverse to the applicant in a habeas corpus proceeding, it must either issue or deny a certificate of appealability, which is required to appeal a final order in a habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 330 (2003) (quoting 28 U.S.C. § 2253(c)(2)). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether [] the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (citation and internal quotation marks omitted).

///

///

Here, the Court finds that reasonable jurists could not debate the Court's conclusion to dismiss with prejudice Petitioner's claims and therefore **DECLINES** to issue a certificate of appealability. The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: September 28, 2017

Hon. Anthony J. Battaglia
United States District Judge