UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH EUGENE SANCHEZ,<br><br>         Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER,<br><br>         Respondent. | Case No.: 16-cv-2975-AJB-BLM<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION;**<br><br>**(2) OVERRULING PETITIONER'S OBJECTIONS;**<br><br>**(3) GRANTING RESPONDENT'S MOTION TO DISMISS WITH PREJUDICE; AND**<br><br>**(4) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**<br><br>(Doc. Nos. 1, 8, 27, 33) |

On August 28, 2017, Magistrate Judge Barbara Lynn Major filed a Report and Recommendation ("R&R") that recommended that the Court grant Respondent's motion to dismiss. (Doc. No. 27 at 2.) The Court then adopted the R&R on September 28, 2017,

and granted the motion to dismiss with prejudice. (*See generally* Doc. No. 28.) After the case was closed, on October 3, 2017, Petitioner filed a motion for extension of time to file his objection to the R&R, which was granted the next day. (Doc. Nos. 31, 32.) Petitioner's objections were filed on November 13, 2017. (Doc. No. 33.) For the reasons set forth more fully below, the Court **ADOPTS** the R&R, **OVERRULES** Petitioner's objections, **GRANTS** Respondent's motion to dismiss with **PREJUDICE**, and **DECLINES** to issue a certificate of appealability.

**I.  BACKGROUND**

On January 25, 2002, Petitioner was convicted of attempted murder with a firearm and gang enhancements. (Doc. No. 9-2 at 2.) On November 1, 2002, he was sentenced to thirty-nine years in prison. (*Id*.)

Thereafter, on April 18, 2014, while incarcerated, Petitioner received a Serious Rules Violation for the manufacture or possession of a deadly weapon in violation of Title 15, California Code of Regulations ("CCR") § 3006(a). (Doc. No. 1 at 24; Doc. No. 27 at 2.) The violation was filed by correctional officers Limas and Navarro who upon a cursory search of Petitioner's cell discovered a security screw on the top of the upper bunk. (Doc. No. 1 at 24.) Utilizing a state issued rubber mallet, the officer struck the end cap of the steel tubing until it fell off. (*Id*.) Inside the steel tubing, the correctional officers found the following concealed items: (1) two pieces of melted plastic formed into weapons; (2) one cylindrical metal rod partially sharpened to a point at one end; (3) two pieces of flat metal rusted; (4) an altered hair clipper blade sharpened to a point at one end; and (5) numerous razor blades cut into small pieces. (*Id*. at 25.) As the weapons were deemed a threat to the safety and security of the institution, Petitioner was placed in Administrative Segregation. (*Id*. at 23.)

On May 29, 2014, Petitioner appeared before Lieutenant F. Vasquez for adjudication of the Serious Rule Violation Report against him. (*Id*. at 43.) Despite pleading not guilty to the manufacturing or possession of a deadly weapon, but guilty to possession of dangerous contraband, Vasquez found Petitioner guilty for the specific act of

2

manufacturing or possession of a deadly weapon. (*Id*.; Doc. No. 27 at 3.) Petitioner was assessed 360 days forfeiture of credit and ten days loss of yard. (Doc. No. 9-2 at 39.) On October 22, 2014, Petitioner's administrative prison appeals were denied and his disciplinary violation was finalized. (*Id*. at 48–49.)

On December 23, 2014, Petitioner sought habeas relief in the Imperial County Superior Court arguing that (1) Vasquez violated his Due Process right to call witnesses at his disciplinary hearing and by failing to adequately document the rationale behind finding him guilty of the charged offense; and (2) Vasquez "refused to follow proper criteria for what defines a deadly weapon in a disciplinary hearing for manufacturing/possession of a deadly weapon." (*Id*. at 3–4.) This habeas petition was denied on February 5, 2015, based off of the fact that Petitioner did not deny possession of any of the concealed items—items the Superior Court Judge categorized as "deadly weapons" particularly in the environment of a state prison. (Doc. No. 1 at 65.) Thereafter, Petitioner filed a motion for reconsideration on March 5, 2015. (*Id*. at 66.) This motion was denied on March 11, 2015. (*Id*. at 67.)

On April 9, 2015, Petitioner filed a state habeas petition in the California Court of Appeal for the Fifth Appellate District. (*Id*. at 68.) The Fifth Appellate District denied the petition without prejudice and advised Petitioner to re-file his petition in the Fourth Appellate District. (*Id*.) Petitioner then re-filed his state habeas petition in the Fourth Appellate District reasserting the same claims. (*Id*. at 69–71.) On June 25, 2015, the Petition was again denied. (*Id*.) Petitioner then resorted to filing a state habeas petition in the California Supreme Court, which was denied on January 27, 2016. (*Id*. at 72.)

On December 5, 2016, Petitioner filed the instant petition arguing two claims: (1) that Vasquez violated his Due Process right to call witnesses at his disciplinary hearing; and (2) the hearing officers signed a statement that was vague and nonsensical. (Doc. No. 1 at 11.) Shortly thereafter, Petitioner was granted leave to proceed in forma pauperis. (Doc. Nos. 2, 3.) On February 8, 2017, Respondent filed a motion to dismiss. (Doc. No. 8.) Subsequently, Petitioner requested four extensions of time to file an opposition to Respondent's motion, which were all granted. (Doc. Nos. 14, 15, 19, 20, 21, 22, 24, 25.)

Petitioner's opposition was finally filed on August 7, 2017. (Doc. No. 26.) On August 28, 2017, Magistrate Judge Major filed her R&R, which the Court adopted on September 28, 2017. (Doc. Nos. 27, 28.) After the Clerk of Court closed this case, Petitioner filed a motion for extension of time to file his objection to the R&R, which was granted. (Doc. Nos. 31, 32.) Petitioner's objection was filed on November 13, 2017. (Doc. No. 33.)

## II. LEGAL STANDARD

### A. Review of the Report and Recommendation

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection(s), the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), Advisory Committee Notes (1983); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

### B. Standard of Review Under 28 U.S.C. § 2254

A petitioner in state custody pursuant to the judgment of a state court may challenge his detention only on the grounds that his custody is in violation of the United States Constitution or the laws of the United States. 28 U.S.C. § 2254(a); *accord Williams v. Taylor*, 529 U.S. 362, 375 n.7 (2000). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), applies to § 2254 habeas corpus petitions filed after 1996. *See Lindh v. Murphy*, 521 U.S. 320, 322 (1997). Federal habeas relief is available only if the result reached by the state court on the merits is "contrary to" or "an unreasonable application" of Supreme Court precedent, or if the adjudication is "an unreasonable determination" based on the facts and evidence. 28 U.S.C. § 2254(d)(1)–(2).

///

4

16-cv-2975-AJB-BLM

## III. DISCUSSION

Presently, Petitioner proffers four objections to Magistrate Judge Major's R&R: (1) that the one year statute of limitations period should have only commenced when his property was returned to him; (2) his access to information was so limited that he had no way of knowing or researching the applicable statute of limitations; (3) there is no proof that he falsified any of the inmate requests for interviews; and (4) that he was denied access to the law library in contrast to the R&R's conclusion that he never was. (Doc. No. 33 at 1–2.)

The AEDPA establishes a one year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). This one-year limitations period applies to all habeas petitions filed by persons "in custody pursuant to the judgment of a State court." *Id*. The Ninth Circuit has held that this limitation period also applies to petitions challenging state prison administrative decisions. *See Shelby v. Bartlett*, 391 F.3d 1061, 1063 (9th Cir. 2004).

In determining the starting point, section 2244 states that limitations period only run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right was asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D). The one-year limitations period, however, is tolled during the pendency of a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ." *Id.* § 2244(d)(2). The limitations period is also subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003) (internal quotation marks omitted). However, "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation and internal quotation marks omitted). This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (citation and internal quotation marks omitted).

As to the first objection, the clear letter of the law demonstrates that Petitioner's contention that the statute of limitations on his Petition should only have commenced when he received his property is erroneous. As the R&R illustrates, Petitioner's direct administrative appeal of the May 29, 2014 disciplinary hearing decision was denied at the final level of review on October 22, 2014. (Doc. No. 27 at 5.) Consequently, the one-year statute of limitations period applicable to Petitioner's claims began to run on October 23, 2014, and expired on October 23, 2015. (*Id.*) The instant Petition was not filed until December 5, 2016, more than one year after the statute of limitations expired. (*Id.*)

Thus, the Petition is untimely unless Petitioner can demonstrate that the loss of his property entitles him to equitable tolling. Unfortunately, as highlighted by the R&R, Petitioner has not provided any evidence that his legal work was thrown away by Kern Valley State Prison officials and the only other evidence of property loss occurred well before Petitioner's final state petition was denied. (Doc. No. 27 at 11.) Thus, this objection is meritless. *See Barrera v. Yates*, 388 F. App'x 686, 687–88 (9th Cir. 2010) (demonstrating that the loss of transcripts was not an extraordinary circumstance that

6

would toll the petitioner's statute of limitations); *see also Keesling v. McEwen*, No. SACV 13-1438-JSL (PLA), 2014 WL 1457717, at *5 (C.D. Cal. Feb. 5, 2014) (finding that "any resulting impact on [the petitioner's] access to his own property . . . . did not occur during the AEDPA one-year period" thus the circumstances had "no bearing on the Court's equitable tolling analysis.").

As to Petitioner's second objection, the Court concludes that he is not entitled to equitable tolling based on his ignorance of the law. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a "pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling" of the AEDPA limitations period); *see also Morris v. Hartley*, No. EDCV 11-1063-PA (JPR), 2011 WL 5828847, at *1 (C.D. Cal. Nov. 18, 2011) ("Ignorance of the law and lack of legal representation do not provide a basis for tolling the statute of limitations under the [AEDPA]."); *Dumas v. Cate*, Civil No. 10-0653-LAB (WVG), 2010 WL 5652766, at *4 (S.D. Cal. Dec. 14, 2010) ("Ignorance of the law is not an excuse for untimely filing of a petition for writ of habeas corpus.").

Next, the Court disagrees with Petitioner's characterization of the R&R. Petitioner's third objection finds that the R&R insinuates that he lied about or falsified some of his inmate requests. (Doc. No. 33 at 2.) However, the Court finds no such inference within the four corners of the R&R. Further, this allegation has no nexus to the application of equitable tolling. *See Miranda*, 292 F.3d at 1066 ("We have made clear, however, that equitable tolling is 'unavailable in most cases,' and is appropriate only 'if *extraordinary* circumstances beyond a prisoner's control make it impossible to file a petition on time.'") (citations omitted).

Finally, as to Petitioner's fourth and final objection that argues that the R&R ignored his repeated requests to visit the law library, the Court again finds that equitable tolling does not apply. (Doc. No. 33 at 2.) The record proves that Petitioner requested access to the law library on March 22, 2016, April 5, 2016, November 9, 2016, and November 15, 2016. (Doc. No. 26 at 22–26.) After each request, Petitioner was notified that he had been

put on the list for law library access or that he would be given access on the next available session. (*Id.*) Thus, based off of the record, Petitioner was never denied access to the law library, and Petitioner's objections fail to produce evidence that demonstrate that his requests were ignored or that he never gained access to the law library. Instead, Petitioner's assertions argue nothing more than the ordinary limitations on library access for prisoners, which are not extraordinary circumstances that necessitate tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) ("Ordinary prison limitations on [the petitioner's] access to the law library and copier (quite unlike the denial altogether of access to his personal legal papers) were neither 'extraordinary' nor made it 'impossible' for him to file his petition in a timely manner."); *see also Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (rejecting "the argument that lack of access to library materials automatically qualifie[s] as grounds for equitable tolling . . . .").

Consequently, finding no reasons to toll Petitioner's various claims, the Court finds the instant Petition untimely.

When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability is required to appeal a final order in a habeas proceeding. *See id.* A certificate of appealability is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, the petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 475 (2000) (citation omitted). Employing this standard, the Court finds no reason to issue a certificate of appealability.

## **CONCLUSION**

This Court rejects the various arguments Petitioner sets forth to allege that his Petition is timely or entitled to equitable tolling. Accordingly, despite the objections filed

by Petitioner, the Court finds no reason to stray from its September 28, 2017 Order. (Doc. No. 28.) Thus, the Court again **ADOPTS** the R&R in its entirety, **GRANTS** the motion to dismiss **WITH PREJUDICE**, **OVERRULES** Petitioner's objections, **DECLINES** to issue a certificate of appealability, and finds that this case is still **CLOSED**.

**IT IS SO ORDERED**.

Dated: February 14, 2018

Hon. Anthony J. Battaglia
United States District Judge